Appeal from an order of the Supreme Court at Special Term, entered May 4, 1950, in New York County, which granted a motion by plaintiff for an increase of temporary alimony and counsel fees, except so much of said order as denied a motion by plaintiff to punish defendant for contempt.

Per Curiam.

On this appeal from an order making a second interim allowance of alimony and counsel fees, pending a reference and determination of *862 temporary alimony and counsel fees, the parties have stipulated that the court might fix temporary alimony and counsel fee on the record before it, or that they will proceed with any reference the court might order immediately. It appears that there is no contest as to the separation, except as to the amount of alimony which should be awarded. The parties may and should proceed immediately, therefore, with the issue of permanent alimony, and the question of temporary alimony becomes relatively unimportant. It does not require the more detailed information we would want to reach our judgment if the temporary alimony were to continue for a longer period of time. Accordingly, we fix temporary alimony at $1,000 a month, commencing May 4, 1950, and a counsel fee of $1,500, which fee will include the amounts heretofore awarded in the interim and second interim orders of Special Term, and the separation action is set down for immediate trial.
It is necessary in order that the parties may be accorded such immediate trial that the separation action be severed from a cause of action for an accounting, improperly combined in a single cause of action with the claim for a separation. It is unnecessary that the cause of action for an accounting be tried at the same time as the separation action, as to which there is no contest beyond the question of alimony, and neither party should be required to await the time that may have to elapse before the accounting action is brought to trial to have their marital obligations determined.
The order appealed from is modified in accordance with the directions of this opinion and by striking therefrom the direction that the funds received by defendant on account of his equity of record in the mortgaged premises be deposited in court pending the determination of plaintiff’s interest in that equity and, as so modified, affirmed.
Settle order on one day’s notice.